IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WORLD WIDE LICENSES, LTD.,** a Hong Kong corporation,<br><br>       Plaintiff,<br><br>v.<br><br>**POLAROID CONSUMER ELECTRONICS, LLC** f/k/a **PETTERS CONSUMER BRANDS, LLC,** a Delaware company,<br>       Defendant. | :<br>:<br>:<br>:<br>:<br>:   C.A. No.<br>:<br>:   **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, World Wide Licenses Limited ("WWL"), by and through its undersigned counsel, for its Complaint against defendant, Polaroid Consumer Electronics, LLC, formerly known as Petters Consumer Brands, LLC (referred to herein as "Petters"), alleges and avers as follows:

## THE PARTIES

1. Plaintiff, World Wide Licenses Limited, is a Hong Kong corporation engaged in the design, manufacture and sale of consumer electronic goods, with its principal place of business in Hong Kong.

2. Upon information and belief, defendant Petters is a limited liability company organized and formed under the laws of Delaware, with its principal place of business in Minnetonka, Minnesota.

3. Upon information and belief, Petters' products are sold to retailers and end user customers in Delaware.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332(a)(1) because Petters is a citizen of a different state from WWL, and the matter in controversy, exclusive of interest and costs, exceeds the sums specified by 28 U.S.C.A. § 1332(a)(1).

5. This Court has personal jurisdiction over Petters because this entity is organized and formed under the laws of Delaware.

6. Venue is proper in this District pursuant to 28 U.S.C.A. § 1391(a) because Petters is a citizen of Delaware and subject to personal jurisdiction in Delaware.

## FACTUAL BACKGROUND

7. WWL is a designer and developer of digital interactive products, such as digital cameras, for global distribution. In June 2002, WWL was granted the exclusive rights to manufacture and sell digital cameras throughout most of the world under the Polaroid brand. Pursuant to the Polaroid licenses, WWL entered into distribution agreements with various independent contractors throughout the world.

8. On or about June 2004, WWL and Petters agreed that Petters would purchase Polaroid digital cameras from WWL and distribute Polaroid brand digital cameras in the United States.

9. WWL and Petters exchanged drafts of a distribution agreement, but a written distribution agreement was not executed by the parties.

10. Instead, the parties operated pursuant to an oral understanding as confirmed by their course of dealing (the "Distribution Agreement").

11. Pursuant to the Distribution Agreement, Petters would place an order for the digital camera product, which was then fulfilled, invoiced and shipped by WWL F.O.B Hong Kong. Petters was solely responsible to ship and pay for freight from Hong Kong to the United States.

12. Under the Distribution Agreement, once Petters placed an order, it could not be cancelled. Petters specifically agreed to this policy since WWL would immediately incur the expense of production, including costs incurred by WWL in purchasing the component parts of the digital camera products.

13. As part of the Distribution Agreement, the parties agreed that any digital cameras that Petters reasonably believed were "faulty" could be returned by Petters to WWL for replacement on a one for one basis. The agreed returns procedure was that Petters would ship the "faulty" cameras to WWL and issue a Returns to Vendor ("RTV") note.

14. Once the returned cameras had been replaced on a one for one basis, WWL would ship them to Petters. Petters agreed that it would pay a replacement charge of $4 per camera. (the "Return Procedure").

***Undisputed Balance Owed by Petters.***

15. Pursuant to orders for digital cameras placed by Petters under the Distribution Agreement, WWL delivered to Petters $1,151,093.42 of products, which Petters has received and accepted without objection.

16. WWL has sent invoices to Petters for these products and demanded payment, but Petters has not made payment on these outstanding invoices.

17. On or about September 27, 2006, Petters expressly agreed that it had a balance due and owing to WWL of $1,151,093.42 (the "Undisputed Balance") that was to be immediately paid.

18. Petters has failed and refused to pay the Undisputed Balance due.

***Disputed Balance Owed by Petters.***

19. As explained further below, in addition to the Undisputed Balance, Petters owes a disputed balance of $460,626.70 ("Disputed Balance"). The Disputed Balance is comprised of improper deductions taken by Petters and production costs incurred by WWL for additional products that were ordered by Petters and improperly canceled.

***The Studio 4 Order.***

20. Between September 13, 2005 and September 17, 2005, Petters issued three purchase orders for a total of 1790 model Studio 4 digital cameras (the "Studio 4 Order").

21. Upon receiving the Studio 4 Order from Petters, WWL issued Sales Confirmation Orders to Petters that quoted the agreed shipment dates to start November 5, 2005.

22. On or about November 1, 2005, just as WWL was preparing to send the first shipment toward fulfilling the Studio 4 Order, Petters suddenly and improperly cancelled its order, after WWL had incurred unrecoupable production costs of $123,331.00 and lost profits.

23. Despite repeated demands by WWL that Petters comply with its obligations and pay for the Studio 4 Order, Petters has refused to do so. WWL has incurred damages in at least $123,331.00 due to Petters' improper cancellation and refusal to pay for the Studio 4 Order.

***Improper Shipping Deductions.***

24. On or about July 2005, Petters issued purchase orders (P.O. 1674 and P.O. 1675) for a total of 14,225 Polaroid I832W cameras (the "832 Order") that Petters wanted delivered in an expedited time frame.

25. Pursuant to the parties' Distribution Agreement, Petters was responsible for all shipping costs from Hong Kong to the U.S.

26. While product shipments to Petters in the U.S. were typically sent by ocean carrier, Petters agreed that because it required delivery in an expedited time frame, the 832 Order was to be shipped via air carrier at Petters' expense. This agreement was further confirmed in WWL's Sales Confirmation Orders which recited that the 832 Order would be shipped by WWL to Petters via air.

27. The 832 Order was shipped from Hong Kong to Petters in the U.S. via air freight through Federal Express and accepted by Petters.

28. As was the parties' agreement, Petters paid the cost of shipping to the U.S., which upon information provided by Petters to WWL, totaled $115,815.50.

29. Despite the parties' agreement that Petters was to pay all shipping costs to the U.S., as to the 832 Order, WWL agreed to absorb $25,363.59 of the shipping cost.

30. Petters should have deducted only $25,363.59 from monies it owed to WWL. However, Petters improperly deducted the total $115,815.50 shipping cost from monies that it owed to WWL.

31. Thus, Petters improperly deducted $90,451.91 from monies owed to WWL as a charge against WWL for the expedited air freight shipping costs of the 832 Order to the U.S., which under the parties' agreement, Petters was required to pay.

DM1\753972.1

32. WWL has incurred damage as a result of Petters' breach of the Distribution Agreement, in at least the amount of Petters' improper $90,451.91 deduction taken against monies owed to WWL.

***Discrepancies in Quantities of Returned Products.***

33. As part of the Return Procedure agreed to by the parties, when Petters returned any products it believed were "faulty" to WWL for a one for one replacement at a charge of $4.00 per camera, WWL would conduct a quantity inspection to confirm that the number of products that Petters reported as returned, was in fact equal to the number of products that WWL received in the return shipment from Petters.

34. Pursuant to the Return Procedure, Petters issued a RTV note that listed the quantity of items it claimed to be returning to WWL. Petters would then make a deduction in the amount of the products returned against a future payment to WWL.

35. Upon receipt of the return shipment, WWL conducted its quantity inspection to confirm that the quantity of the items in the shipment were as represented on the Petters RTV.

36. On or about November 11, 2005 Petters issued RTV459 with its return of certain products to WWL.

37. On or about December 30, 2005, Petters issued RTV480 for the return of certain products to WWL.

38. On or about January 31, 2006, Petters issued RTV498 with additional returned products to WWL.

39. On or about February 28, 2006, Petters issued RTV523 and RTV524 with its return of products to WWL.

40. Consistent with the parties' agreement, upon receipt of the RTV459, RTV480, RTV498, RTV523 and RTV524 shipments from Petters, WWL conducted its quantity inspection of these shipments.

41. These return shipments contained multiple discrepancies in the number of products that WWL actually received as compared to the number of products that Petters listed on its RTVs as being shipped.

42. The quantity inspections conducted by WWL showed that as to some items, Petters actually shipped more items than listed on the RTVs, while as to other items, Petters shipped less than were listed on the RTVs.

43. After conducting the quantity inspections of RTV459 and RTV480, WWL issued a Debit Note dated May 15, 2006 that showed Petters had taken an excessive deduction of $107,475.99 for these RTVs.

44. Similarly, after conducting the quantity inspection of RTV498, WWL issued a Debit Note dated May 22, 2006 that showed Petters had taken an excessive deduction of $103,524.96 for that RTV.

45. After its quantity inspection as to RTV523 and RTV524, WWL issued a Debit Note dated June 28, 2006 that showed Petters had taken an excessive deduction of $35,914.74 for those RTVs.

46. WWL has demanded payment of Petters for its improper deductions of $107,475.99, $103,524.96 and $35,914.74 taken against payments to WWL. To date, Petters has refused to pay these amounts in breach of the parties' agreement.

47. WWL has incurred damages of at least $246,915.69, for Petters' improper deductions taken in connection with returned products.

## COUNT I - BREACH OF CONTRACT
### (Payment Due For Goods Sold and Delivered)

48. WWL incorporates by reference the allegations of Paragraphs 1 through 47 above, as if set forth fully herein.

49. As set forth above, Petters contracted for the purchase of goods from WWL, which goods WWL has delivered to Petters and/or incurred production costs for improperly canceled orders.

50. Despite repeated demands, Petters has failed to pay the amounts immediately due and payable for the goods ordered by them.

51. As a result of Petters' failure to make the payments described above pursuant to its contracted obligations, WWL has suffered and continues to suffer damages in an amount to be determined at trial, but not less than $1,611,720.12.

## COUNT II – UNJUST ENRICHMENT

52. WWL incorporates by reference the allegations of Paragraphs 1 through 51 above, as if set forth fully herein.

53. As a result of these actions as described herein, Petters has been unjustly enriched, having received WWL products and/or the proceeds from the subsequent sale of WWL's products without compensation to WWL.

## PRAYER FOR RELIEF

**WHEREFORE**, WWL respectfully requests that this Honorable Court enter an Order:

A.  Awarding damages against Petters for Petters' breaches of contract;

B.  Awarding damages against Petters for Petters' unjust enrichment and ordering Petters to disgorge any and all proceeds from the sale of goods to its customers for which it has not paid WWL; and

C.  Awarding WWL interest on its damages, the costs associated with this action and such other and further relief as the Court deems just.

Dated: February 20, 2007

DUANE MORRIS LLP

Matt Neiderman (Del. Bar No. 4018)
Kathaleen McCormick (Del. Bar No. 4579)
1100 N. Market St., Suite 1200
Wilmington, Delaware 19801
302.657.4900
302.657.4901 *fax*
mneiderman@duanemorris.com

OF COUNSEL:
Michael R. Gottfried
Darlene D. Moreau
DUANE MORRIS LLP
470 Atlantic Avenue
Boston, MA 02210
857.488.4200
857.488.4201 *fax*
mgottfried@duanemorris.com
ddmoreau@duanemorris.com

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
World Wide Licenses, Ltd., a Hong Kong corporation,

**DEFENDANTS**
Polaroid Consumer Electronics, LLC f/k/a Petters Consumer Brands, LLC, a Delaware corporation,

(b) County of Residence of First Listed Plaintiff: Hong Kong, China
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Matt Neiderman, Esq., (I.D. #4018) Duane Morris LLP
1100 North Market Street, Suite 1200, Wilm., DE 19801

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury— Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS–Third party 26 USC 7609

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC/Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice Act
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.)
(Do not cite jurisdictional statutes unless diversity.) 28 U.S.C. § 1332(a)(1)

Breach of contract (Payment due for goods sold and delivered) and unjust enrichment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $1,611,720.12
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: February 20, 2007
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ~~07-96~~

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___1___ COPIES OF AO FORM 85.

___2/20/07___
(Date forms issued)

___Daniel Lennon___
(Signature of Party or their Representative)

___Daniel Lennon___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action