IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WORLD WIDE LICENSES, LTD.**, a Hong Kong corporation, | : : : : | |
| Plaintiff, | : : | C.A. No. 07-96(***) |
| v. | : : : | |
| **POLAROID CONSUMER ELECTRONICS, LLC f/k/a PETTERS CONSUMER BRANDS, LLC**, a Delaware company, | : : : : : | |
| Defendant. | : : | **Demand For Jury Trial** |

## ANSWER

For its Answer to the above-captioned Complaint, Polaroid Consumer Electronics, LLC f/k/a Petters Consumer Brands, LLC ("Petters"), states and alleges as follows:

### THE PARTIES

1. With respect to the allegations in paragraph 1 of the Complaint, Petters admits, upon information and belief, that Plaintiff is engaged in the manufacture and sale of digital cameras. Petters is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 1.

2. Petters admits the allegations contained in paragraph 2 of the Complaint.

3. Petters admits the allegations contained in paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. The allegations contained in paragraph 4 of the Complaint contain conclusions of law and, therefore, do not require a response.

5.     Petters admits the allegation contained in paragraph 5 of the Complaint.

6.     The allegations contained in paragraph 6 of the Complaint contain conclusions of law and, therefore, do not require a response.

## FACTUAL BACKGROUND

7.     With respect to the allegations contained in paragraph 7 of the Complaint, Petters admits that Plaintiff was granted the right to manufacture and sell digital cameras under the Polaroid brand. Petters asserts that the document granting such right speaks for itself.

8.     With respect to the allegations contained in paragraph 8 of the Complaint, Petters asserts that in the Spring of 2004, the Plaintiff and Petters discussed a "Confidential Memorandum of Understanding" regarding the sale of digital cameras. Petters asserts that the parties never executed the Confidential Memorandum of Understanding. Petters asserts that in June 2004, Petters began issuing Purchase Orders to Plaintiff regarding the purchase of Polaroid brand digital cameras for sale in the United States. Petters denies the remaining allegations contained in paragraph 8 of the Complaint.

9.     With respect to the allegations in paragraph 9 of the Complaint, Petters asserts that the Plaintiff and Petters exchanged drafts of a "Confidential Memorandum of Understanding." Petters asserts that the Confidential Memorandum of Understanding was never executed by the parties. Petters denies the remaining allegations contained in paragraph 9 of the Complaint.

10.    With respect to the allegations in paragraph 10 of the Complaint, Petters asserts that it issued Purchase Orders to Plaintiff regarding the purchase of Polaroid brand digital cameras. Petters denies the remaining allegations contained in paragraph 10 of the Complaint.

1564686/1

11. With respect to the allegations in paragraph 11 of the Complaint, Petters asserts that it issued Purchase Orders to Plaintiff regarding the purchase of Polaroid brand digital cameras. Petters asserts that it paid the cost of shipping the cameras from Hong Kong to the United States by ocean carrier. Petters asserts that Plaintiff agreed to pay the cost of shipping the "832 Order" (described below) by air. Petters denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Petters denies the allegations contained in paragraph 12 of the Complaint.

13. Petters admits that it agreed with the Plaintiff that Petters could return to Plaintiff any goods that were "faulty." In addition, the parties agreed that Petters could return to the Plaintiff goods that were rejected or returned to Petters by a customer of Petters. Petters admits that Petters could return the goods described in this paragraph to Plaintiff with a "Return to Vendor" form. Petters denies the remaining allegations contained in paragraph 13 of the Complaint including, without limitation, that Petters entered into a "Distribution Agreement" with the Plaintiff.

14. With respect to the allegations in paragraph 14 of the Complaint, Petters admits that Plaintiff agreed that it would accept the return of cameras as described in paragraph 13. Petters asserts that it had the right to obtain replacement cameras from the Plaintiff. Petters is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of the Complaint.

15. Petters denies the allegations contained in paragraph 15 of the Complaint.

16. With respect to the allegations in paragraph 16 of the Complaint, Petters admits that it has received invoices from Plaintiff and that it has not paid certain invoices that Petters received from the Plaintiff.

17.     With respect to the allegations contained in paragraph 17 of the Complaint, Petters denies that, as of September 27, 2006, it owed Plaintiff $1,151,093.42.

18.     With respect to the allegations in paragraph 18 of the Complaint, Petters admits that it has not paid the amount demanded by Plaintiff.

19.     Petters denies the allegations contained in paragraph 19 of the Complaint.

20.     Upon information and belief, Petters admits the allegations contained in paragraph 20 of the Complaint.

21.     Petters is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.     With respect to the allegations in paragraph 22 of the Complaint, Petters admits only that it cancelled the "Studio 4 Order." Petters asserts further that Plaintiff provided Petters with samples of the Studio 4 Order and that such samples were rejected by Petters' customer. Petters asserts that its customer refused to accept the Studio 4 Order and, therefore, pursuant to its agreement with Plaintiff, Petters was entitled to cancel the Studio 4 Order. Petters denies the remaining allegations contained in paragraph 22 of the Complaint.

23.     With respect to the allegations in paragraph 23 of the Complaint, Petters admits only that it has not paid Plaintiff for cameras associated with the Studio 4 Order. Petters denies the remaining allegations contained in paragraph 23 of the Complaint.

24.     With respect to the allegations in paragraph 24 of the Complaint, Petters admits that it issued the "832 Order," and that such Order speaks for itself.

25.     Petters denies the allegations contained in paragraph 25 of the Complaint.

26.     With respect to the allegations in paragraph 26 of the Complaint, Petters admits that shipments to Petters were typically sent by ocean carrier. Petters also admits that Plaintiff

1564686/1

agreed to ship the 832 Order via air carrier, and asserts that Plaintiff agreed to pay the cost of the air shipment.

27. Petters admits the allegations contained in paragraph 27 of the Complaint.

28. With respect to the allegations in paragraph 28 of the Complaint, Petters admits that it initially paid the cost of the air shipment for the 832 Order, and asserts that it was entitled to deduct the cost of air shipment from amounts owed to Plaintiff.

29. With respect to the allegations in paragraph 29 of the Complaint, Petters denies that it agreed to pay all shipping costs to the United States regarding the 832 Order. Petters denies that Plaintiff agreed to absorb only $25,363.59 of the shipping costs.

30. Petters denies the allegations contained in paragraph 30 of the Complaint.

31. Petters denies the allegations contained in paragraph 31 of the Complaint.

32. Petters denies the allegations contained in paragraph 32 of the Complaint.

33. Petters is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Complaint.

34. Petters admits the allegations contained in paragraph 34 of the Complaint.

35. Petters is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint.

36. Petters admits the allegations contained in paragraph 36 of the Complaint.

37. Petters admits the allegations contained in paragraph 37 of the Complaint.

38. Petters admits the allegations contained in paragraph 38 of the Complaint.

39. Petters admits the allegations contained in paragraph 39 of the Complaint.

40. Petters is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint.

1564686/1

41. Petters denies the allegations contained in paragraph 41 of the Complaint.

42. With respect to the allegations in paragraph 42 of the Complaint, Petters is without knowledge or information sufficient to form a belief as to what Plaintiff did or did not do with respect to its inspections. Petters denies the remaining allegations contained in paragraph 42.

43. Petters is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint.

44. Petters is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45. Petters is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

46. With respect to the allegations in paragraph 46 of the Complaint, Petters admits that Plaintiff has demanded payment of Petters and that Petters has not paid the amount demanded. Petters denies the remaining allegations contained in paragraph 46 of the Complaint.

47. Petters denies the allegations contained in paragraph 47 of the Complaint.

### COUNT I – BREACH OF CONTRACT
### (Payment Due for Goods Sold and Delivered)

48. In response to paragraph 48 of the Complaint, Petters incorporates and restates herein its above-stated responses to paragraphs 1 through 47 of the Complaint.

49. Paragraph 49 of the Complaint purports to restate prior allegations and, therefore, does not require a response. To the extent a response is required, Petters denies the allegations in paragraph 49 of the Complaint.

50. Petters denies the allegations contained in paragraph 50 of the Complaint.

51. Petters denies the allegations contained in paragraph 51 of the Complaint.

1564686/1

## COUNT II – UNJUST ENRICHMENT

52. In response to paragraph 52 of the Complaint, Petters incorporates and restates herein its above-stated responses to paragraphs 1 through 51 of the Complaint.

53. Petters denies the allegations contained in paragraph 53 of the Complaint.

WHEREFORE, Defendant respectfully requests that this honorable Court enter an Order

A. Dismissing Plaintiff's Complaint with Prejudice; and

B. Awarding Defendant such further relief as the Court deems just and equitable.

Dated: April 30, 2007

**MORRIS JAMES LLP**

_/s/ Stephen M. Miller_
Stephen M. Miller (DE Bar #2610)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-Mail: smiller@morrisjames.com

*and*

David R. Marshall (MN Bar #184457)
Leah C. Janus (MN Bar #0337365)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street
Suite 4000
Minneapolis MN 55402-1425
Telephone: 612-492-7154
Facsimile: 612-492-7077
E-mail: dmarshall@fredlaw.com
E-mail: ljanus@fredlaw.com

*Counsel for Defendant Polaroid Consumer Electronics, LLC*

4186758_1.DOC

1564686/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WORLD WIDE LICENSES, LTD., a Hong Kong corporation, | : : : |
| Plaintiff, | : C.A. 07-cv-96 (***) |
| v. | : : |
| POLAROID CONSUMER ELECTRONICS, LLC f/k/a PETTERS CONSUMER BRANDS, LLC, a Delaware company, | : : : : : |
| Defendant. | : |

### AFFIDAVIT OF WILLIAM WELLER, PARALEGAL

STATE OF DELAWARE       :
                        : SS:
NEW CASTLE COUNTY       :

I, William Weller, certify that I am, and at all times during the service, have been, an employee of Morris James LLP, not less than 18 years of age and not a party to the matter concerning which service was made. I certify further that on April 30, 2007, I caused service of the following:

### ANSWER

Service was completed upon the following parties on the attached list as indicated thereon.

Date:   April 30, 2007

/s/ William Weller
William Weller

SWORN TO AND SUBSCRIBED before me this 30th of April, 2007.

NOTARY
My commission expires:_____
S. STACI HUDSON
Notary Public - State of Delaware
My Comm. Expires Dec. 11, 2008

WWW/099999-7777/1564658/1

**VIA HAND DELIVERY**
Matt Neiderman, Esq.
Kathaleen McCormick, Esq.
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
[Counsel for Plaintiff, World Wide Licenses, Ltd.]

**VIA FIRST CLASS MAIL**
Michael R. Gottfried, Esq.
Darlene D. Moreau, Esq.
Duane Morris LLP
470 Atlantic Avenue
Boston, MA 02210
[Counsel for Plaintiff, World Wide Licenses, Ltd.]